IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-00607-RBJ

DIREXA ENGINEERING, LLC,

      Plaintiff,

v.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES,
LOREN K. MILLER, Director USCIA Nebraska Service Center, and
OFFICER 0221, USCIS Nebraska Service Center,

      Defendants.

---

## ORDER GRANTING SUMMARY JUDGMENT

---

This matter is before the Court on cross motions for summary judgment from plaintiff Direxa Engineering, LLC and defendants U. S. Citizenship and Immigration Services ("USCIS"), Loren Miller, and Officer 0221.  ECF Nos. 24, 25. For the reasons discussed below, defendants' motion is GRANTED, and plaintiff's motion is DENIED.

## I.    BACKGROUND

On July 2, 2018 plaintiff Direxa Engineering, LLC ("Direxa") filed a I-140 visa application form ("VAF") with defendant USCIS for Mr. Alexandre Bourgoin, a French national employed by Direxa.  ECF No. 24.  Direxa sought the visa on the basis that Mr. Bourgoin was and is a multinational manager.  ECF No. 1-7 at 10.

In the VAF, Direxa described Mr. Bourgoin's position in Australia as "Project Manager." *Id.* at 17.  It described his duties in that position as "managing the day-to-day operational aspects

1

of projects all over Australia, including [m]aterial sourcing (all over the world), [e]ngineering

solution, [m]anufacturing of equipment and quality control, and [i]nstallation/[c]ommissioning."

*Id.*

Regarding Mr. Bourgoin's position in the United States, Direxa wrote that Mr. Bourgoin

serves as "Assistant Technical Manager," and that he manages "all aspects of the nominated

project(s)."  *Id.*  His projects as Assistant Technical Manager include engineering solution,

sourcing materials and equipment, manufacturing equipment, installing equipment, and

commissioning equipment to meet Direxa's contractual obligations."  *Id.*  Direxa stated that Mr.

Bourgoin manages the engineering team and some subcontractors and suppliers, and that he is

"expected to plan, organize, direct, control and coordinate engineering, construction/installation

of engineered solutions."  *Id.*  According to Direxa, he is also "managing human resources

involved in the construction/installation process, making sure that all [s]afety, legal, and

statutory requirements required by the project are met."  *Id.* at 18.  Direxa also provided a

document containing a job description and list of duties for Mr. Bourgoin's position.  *Id.* at 19.

In March 2019 USCIS issued a request for evidence ("RFE") to Direxa, seeking more

specific information about Mr. Bourgoin's job duties and daily tasks in his current position in the

United States and his former position in Australia.  ECF No. 1-8 at 3–4.  The RFE was signed by

defendant Loren Miller on behalf of USCIS and was prepared by defendant Officer 0221.  *Id.* at

6.  It stated that the job descriptions provided by Direxa on Mr. Bourgoin's positions in Australia

and the United States were too broad and vague—they did not provide "much actual insight into

the actual day-to-day duties to be performed."  ECF No. 1-8 at 4.

Defendants requested that Direxa provide them with a letter that included "the specific

daily tasks that are involved with the completion of each duty and the percentage of time to be

spent on each; a list of employees (and individual contractors) in the beneficiary's immediate division, department, or team; a description of your products and services, including the exact productive and administrative tasks necessary to produce the products and services…" and "who performs those tasks, and tasks related to goal-setting, policy-making, and discretionary decision-making."  ECF No. 1-8 at 4.  Additionally, defendants requested an organizational chart showing the "overall structure and staffing levels; identifies the beneficiary's position; and lists all employees and contractors in the beneficiary's immediate division…" by name and job title. *Id.*  Defendants requested that Direxa supply the same information on Mr. Bourgoin's position in Australia.  *Id.* at 5–6.

Direxa responded on May 23, 2019 with a "Response to Request for Evidence of I-140 Petition of Direxa Engineering ("DRRFE," short for "Direxa's Response to the Request for Evidence").  ECF No. 1-9.  Regarding Mr. Bourgoin's position in Australia, Direxa wrote that Mr. Bourgoin managed "***all operational aspects*** of Direxa Australia's projects," and he was "tasked with exercising full discretion, responsibility and control over the scope, budget, schedule, safety and legal management of the company's projects on a day-to-day basis."  ECF No. 1-9 at 5 (emphasis in original).  The DRRFE also specified that Mr. Bourgoin supervised all staff on the projects he oversaw in Australia, and that he had "the ability to hire and recommend workers for projects and tasks within his department."  *Id.*

Regarding Mr. Bourgoin's position in the United States, Direxa wrote that Mr. Bourgoin's daily tasks include "drafting contracts, specifications and job plans, setting the schedules and budgets[,] and managing employees assigned to all Direxa USA projects."  *Id.* at 6.  Direxa specified that Mr. Bourgoin "develops drawings in line with job specifications; issues quotation requests, bid analyses, and purchase orders; and signs and handles payments regarding

final acceptance of projects." *Id.* Direxa wrote that Mr. Bourgoin also "establishes the goals and policies of Direxa USA in his role by providing direct communication with customers and ensuring customer satisfaction, developing supplier relations that support the supply chain, drafting specialized specifications and job plans that fit the individual needs of each customer, and ensuring gross margin is met at the end of each project." *Id.*

On January 17, 2020 USCIS issued their denial of the VAF (signed by Mr. Miller), finding that the evidence submitted by Direxa in the VAF and DRRFE contained information that was too generalized to show the actual tasks that Mr. Bourgoin would be performing. ECF No. 1-10 at 5. Defendant Miller provided an additional and independent reason for denying Direxa's VAF on behalf of Mr. Bourgoin: the evidence submitted by Direxa was insufficient to establish that Mr. Bourgoin had previously worked abroad for one year in a managerial capacity in the three years preceding the VAF. ECF No. 1-10 at 6.

Direxa filed this suit March 3, 2020, seeking review under the APA of USCIS's denial of the VAF. ECF No. 1. Direxa filed its motion for summary judgment December 18. 2020, and defendants cross-filed their motion for summary judgment the same day. ECF Nos. 24, 25.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where there is "no genuine dispute of material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if there is "sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). An issue of fact is material if it is essential to the proper disposition of the claim. *Id.* (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

The movant bears the burden of showing a lack of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Conclusory statements or those based on speculation, conjecture, or surmise provide no probative value on summary judgment; nor may the nonmovant rely on 'mere reargument of his case or a denial of an opponent's allegation.'" *Stuart v. Erickson Living Mgmt.*, No. 18-CV-01083-PAB-NYW, 2019 WL 7289016 at *2 (D. Colo. July 29, 2019) (quoting 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed. 1998)).

Judgment as a matter of law is appropriate when the evidence is not susceptible to any reasonable inferences that support the non-moving party's position. *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1224 (10th Cir. 2016) (quoting *Elm Ridge Expl. Co. v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013)). A party is entitled to judgment as a matter of law "only if the court concludes that all of the evidence in the record reveals no legally sufficient evidentiary basis for a claim under the controlling law. *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 771 (10th Cir. 2011) (quoting *Wagner v. Live Nation Motor Sports, Inc.*, 586 F.3d 1237, 1244 (10th Cir. 2009)).

In applying this standard where, as here, there are cross motions for summary judgment, "the reasonable inferences drawn from affidavits, attached exhibits, and depositions are rendered in the light most favorable to the non-prevailing party." *Chateau Vill. N. Condo. Ass'n v. Am. Fam. Mut. Ins. Co.*, 170 F. Supp. 3d 1349, 1355 (D. Colo. 2016). When parties have filed cross motions for summary judgment, the Court can assume that no evidence need be considered other than that filed by the parties, but "summary judgment is nevertheless inappropriate if disputes remain as to material facts." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000). Cross motions for summary judgment are to be treated separately; the

denial of one does not require the grant of another.  *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979).

Under the APA, an agency decision will be upheld unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  *See Mahalaxmi Amba Jewelers v. Johnson*, 652 F. App'x 612, 615 (10th Cir. 2016) (unpublished).  Agency action is considered arbitrary and capricious "if the agency entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  *Id.* (citing *Biodiversity Conservation All. v. Jiron*, 762 F.3d 1036, 1060 (10th Cir. 2014)).  Agency decisions are presumed valid, and the party challenging an agency decision bears the burden of proof.  *Id.*  Courts can "uphold administrative action when an agency gives two independent reasons and only one of them is valid."  *Zzyym v. Pompeo*, 958 F.3d 1014, 1033–34 (10th Cir. 2020).

### III.   ANALYSIS

**A.  <u>There is no Genuine Dispute of Material Fact</u>**

The parties in this case agree about almost every fact.  Direxa submitted the VAF on behalf of Mr. Bourgoin.  Defendants made a request for evidence.  Direxa responded with the DRRFE.  Defendants denied Direxa's VAF.  There are only two purported facts, pled by Direxa, that are in dispute: (1) whether the Certified Administrative Record ("CAR") indicates that Mr. Bourgoin's status has been "vetted and approved by the federal government TWENTY-FIVE (25) separate times," as Direxa asserts, and (2) whether USCIS rearranged documents in the CAR to promote confusion.  ECF No. 29.

The former is not a dispute about any material fact.  Defendants do not dispute that Mr. Bourgoin was admitted to the United States on his L-1A visas twenty-one times, and that Department of Homeland Security and Border Protection ("CBP") agents admitted him.  ECF Nos. 24, 29.  They do not dispute that Mr. Bourgoin's L-1A visa was approved twice by USCIS and the Department of State.  *Id.*  What they dispute are the legal ramifications of Mr. Bourgoin's entries subject to CBP approval and his approval for L-1A visas by USCIS and the State Department.

The latter is a dispute of fact but not a material fact.  The CAR was compiled after defendants denied the VAF.  Therefore, any rearranging that might have occurred is not relevant in determining whether defendants were arbitrary or capricious in their denial of the VAF.  Moreover, to any extent rearranging might have confused the Court, the Court had the benefit of Direxa's exhibits seven and nine, attached to the complaint, which presumably contain Direxa's preferred arrangement of the VAF and DRRFE.

**B. Plaintiff Has Not Shown that Defendants Failed to Consider Any Important Aspect of the Problem in Their Denial of the VAF**

1. Prior Grants of L-1A Visas to Mr. Bourgoin

Direxa argues that defendants, in denying the VAF, failed to consider that USCIS and the State Department had already adjudicated and approved Mr. Bourgoin's status as a multinational manager twice when they granted Mr. Bourgoin's L-1A visas.  ECF No. 24.  USCIS uses the same definition of "managerial" in granting L-1A visas and I-140 petitions.[1]  Therefore, Direxa

---

[1] The same factors for determining managerial status are used for both visas granting permanent residence and visas for nonimmigrant workers.  *See* 8 U.S.C. § 101(a)(44)(A)–(C) (1952), 8 C.F.R. § 204.5(j).

argues, defendants are bound by their prior grant of L-1A visas on the issue of Mr. Bourgoin's status as a multinational manager.  *Id.*

I do not agree.  USCIS is "not required to approve applications or petitions where eligibility had not been demonstrated, merely because of prior approvals which may have been erroneous."  *Mahalaxmi Amba Jewelers v. Johnson*, 652 F. App'x 612, 618 (10th Cir. 2016) (unpublished) (quoting *Matter of Church Scientology Int'l*, 19 I&N Dec. 593, 597 (BIA 1988)). The rule proposed by Direxa would "impermissibly shift the burden to establish eligibility for a visa from the petitioner to the agency."  *Id.*  Further, the benefits from an L-1A visa (temporary non-immigrant status) and from an I-140 visa (permanent residence) are distinct— a prior grant of an L-1A visa does not require later approval of a related I-140 petition.  *Id.*

Direxa cites *Omni Packaging, Inc. v. U.S.I.N.S.*, 733 F. Supp. 500, 504 (D.P.R. 1990).  In that case, the court considered the denial of third preference status under 8 U.S.C. §1153(b)(3), which provides for the grant of a visa where a visa applicant has a profession—a finding that can be made if (among other requirements) the applicant can certify that they have been admitted to the United States to work in a managerial or executive position.  *Id.* at 503.  However, *Omni Packaging* is not binding on this Court.  *Mahalaxmi Amba Jewelers v. Johnson*, an unpublished Tenth Circuit case, is not binding precedent either, but I find it to be persuasive.  The court found "the decision to deny the I-140 petition, despite the earlier grant of L-1A visas…," was not arbitrary, capricious, or an abuse of discretion.  652 F. App'x at 618.

In sum, Direxa has not shown that it is entitled to judgment as a matter of law based on Mr. Bourgoin's past L-1A visas.

2.   State Department Approval of Mr. Bourgoin's L-1A Visas

Direxa argues that defendants' failure to consider the State Department's approval of Mr.

Bourgoin's managerial status was arbitrary and capricious.  ECF No. 24.  In support Direxa cites

the State Department's Foreign Affairs Manual ("FAM"), which outlines the procedure State

Department officials follow in adjudicating L visa applications, such as the L-1A.  ECF No. 26.

The procedure requires that State Department officials attempt to confirm the facts in the

petition.  9 FAM 402.12-6(A).  It also provides that if a State Department official has reason to

believe an applicant is not entitled to the classification as approved in the petition, the official

should refuse the case, return the petition to USCIS for reconsideration, and provide "an

explanation of the relevant facts to the extent possible."  *Id.*

The FAM does not anticipate State Department officials' re-adjudicating USCIS

determinations of status.  Rather, the FAM anticipates State Department officials' verifying facts

from applicants and exposing lies or misstatements from applicants that might affect USCIS's

determination.  The State Department, in reviewing L visas, is not analyzing whether the USCIS

appropriately determined status.  In confirming the validity of petitions, State Department

officials are instructed that they should "confirm during the visa interview that the facts as stated

in the petition are true, and that nothing has changed that would affect the validity of the

petition."  9 FAM 601.13-1.

This section of the FAM shows that State Department officials are looking for factual

discrepancies between what USCIS received in an applicant's petition and what applicants say in

their State Department interviews.  Even construing this argument in the light most favorable to

Direxa, approval of Mr. Bourgoin's L-1A visas did not constitute State Department validation of

his managerial status.  Because the State Department did not independently confirm Mr.

Bourgoin's status, USCIS's decision was not arbitrary or capricious for failing to consider the State Department's prior approvals of Mr. Bourgoin's L-1A visas.

   3.   Prior Admissions of Mr. Bourgoin to the United States by CBP

Direxa argues that CBP agents re-adjudicated and reaffirmed Mr. Bourgoin's status as a manager each time he reentered the country.  Because CBP agents must determine that an alien seeking admission "is entitled, under all the applicable provisions of the immigration laws and this chapter, to enter the United States," CBP agents made a determination that Mr. Bourgoin qualified as a manager.  8 C.F.R. § 235.1.

The fact that CBP officers review an alien's entitlement to enter does not mean that every time a CBP officer admits someone to the country they are re-adjudicating that alien's status.  Further, if USCIS is not bound by its past issuances of L-1A visas, it would be illogical for it to be bound by a CBP officer's admissions under those visas.  If USCIS could be bound in a determination that an applicant is a multinational manager by CBP officers' admitting those applicants under L-1A visas, the ruling in *Mahalaxmi Amba Jewelers* would essentially be a nullity.

Direxa has cited no relevant authority for its claim that the decision of the CBP officer is controlling or precedential on the issue of managerial capacity.  *See* ECF No. 24 at 9.  Direxa has failed to show that the prior admissions of Mr. Bourgoin by CBP officials should have been considered by defendants in their consideration of the VAF.

   4.   Conclusion

I conclude that plaintiffs have not shown that defendants acted arbitrarily or capriciously by denying Mr. Bourgoin's eligibility for permanent residence despite the prior grant of an L-1A visa for him.  Nor has it been shown that defendants acted arbitrarily or capriciously in failing to

consider the State Department's affirmation of Mr. Bourgoin's L-1A visas, or CBP officials' admission of Mr. Bourgoin under those visas.

C.  **Plaintiff Has Not Shown that Defendants Made a Decision Counter to the Evidence Before Them.**

Direxa argues that defendants' decision was counter to the evidence before them because Direxa had submitted ninety-two pages in support of the VAF and an additional 236 pages of evidence in response to the RFE.  It argues that managerial status need only be established by a preponderance of the evidence, and Direxa has easily met that standard with its avalanche of documentation.  ECF No. 26.

"A petitioner or applicant in administrative immigration proceedings must prove by a preponderance of evidence that he or she is eligible for the benefit sought."  *Matter of Chawathe*, 25 I&N Dec. 369, 375 (AAO 2010).  Under the preponderance of the evidence standard, the evidence must "demonstrate that the applicant's claim is 'probably true,' where the determination of 'truth' is made based on the factual circumstances of each individual case."  *Id.* (quoting *Matter of E-M-*, 20 I&N Dec. 77, 79–80 (Comm'r 1989).  When adjudicating an application under a preponderance of the evidence standard, "the director must examine each piece of evidence for relevance, probative value, and credibility, both individually and within the context of the totality of the evidence, to determine whether the fact to be proven is probably true."  *Id.*

Direxa was required to "furnish a job offer in the form of a statement which indicates that the alien is to be employed in the United States in a managerial or executive capacity."  8 C.F.R. § 204.5(j)(5).  That letter must "clearly describe the duties to be performed by the alien."  *Id.* That the duties be clearly described is important—if USCIS does not know the specific duties the applicant will have, it cannot tell if the applicant is a manager entitled to a I-140 visa under

§1153(b)(1)(C).  To receive a I-140 visa under §1153(b)(1)(C), the petition must show: (1) "in the three years immediately preceding the filing of the petition the alien has been employed outside the United States for at least one year in a managerial or executive capacity…" and (2) that the alien is to be employed inside the United States "as a multinational executive or manager."  8 C.F.R. § 204.5(j).

To be considered a manager eligible for a I-140 visa, the applicant must primarily: (1) manage "the organization or a department, subdivision, function or component of the organization; (2) supervise or control "the work of other supervisory, professional, or managerial employees" or manage an essential function within the organization; (3) have the authority to "hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization)"; and (4) exercise "discretion over the day-to-day operations of the activity or function for which the employee has authority."  8 C.F.R § 204.5(j).  "General descriptions are inadequate to satisfy the implementing regulations because, as one court has observed, '[t]he actual duties themselves reveal the true nature of the employment.'"  *Saga Overseas, LLC v. Johnson*, 200 F. Supp. 3d 1341, 1348 (S.D. Fla. 2016) (quoting *Fedin Bros. Co. v. Sava*, 724 F. Supp. 1103, 1108 (E.D.N.Y.1989)).

Direxa failed to show that Mr. Bourgoin was employed in a managerial capacity in Australia.  Defendants reasonably concluded that the evidence in the record failed to adequately demonstrate that Mr. Bourgoin's duties as Project Manager in Australia were primarily managerial.  In the VAF, Direxa described Mr. Bourgoin's duties as "managing the day-to-day operational aspects of projects all over Australia, including [m]aterial sourcing (all over the world), [e]ngineering solution, [m]anufacturing of equipment and quality control, and [i]nstallation/[c]ommissioning."  ECF No. 1-7 at 17.  This Court is unable to understand what

Mr. Bourgoin's duties as Project Manager were, let alone whether they were managerial in nature, based on this broad description.

It is reasonable that defendants, in the RFE, requested (among other things) "the specific daily tasks involved with the completion of each duty and the percentage of time spent on each duty" and "a list of employees…in the beneficiary's immediate division, department, or team," including a summary of their job duties.  ECF No. 1-8 at 5.  Direxa's response was that Mr. Bourgoin was tasked with "exercising full discretion, responsibility and control over the scope, budget, schedule, safety and legal management of the company's projects on a day-to-day basis."  ECF No. 1-9 at 5.  Defendants found that the descriptions of Mr. Bourgoin's duties and tasks fell short of the detail necessary to determine if his duties were actually managerial or to reveal the true nature of Mr. Bourgoin's position in Australia.  Direxa has asserted that Mr. Bourgoin's duties and tasks mirror the §204.5(j) factors, but that appears to be all it has done.

The Court does not find that defendants' determination that these descriptions are insufficient to be arbitrary or capricious.  Put another way, Defendants' finding that Direxa failed to prove by a preponderance of the evidence that Mr. Bourgoin served in a managerial capacity for at least one year in Australia was not arbitrary or capricious, nor was it a decision contrary to the evidence before them.  Direxa's failure to meet their burden of proof for Mr. Bourgoin's managerial capacity in Australia was a sufficient basis to deny the VAF; in order to be eligible as a multinational manager, an alien must show both that they were employed for at least a year in a managerial capacity abroad *and* that they are employed in a managerial capacity in the United States.  *See* 8. C.F.R. § 204.5(j).  As a result, this Court need not reach the question of whether defendants' denial of the VAF on the basis that Direxa had failed to reach its burden of showing that Mr. Bourgoin was employed in a managerial capacity in the United States.

**D.  Conclusion**

Direxa has not shown that defendants' decision to deny the VAF was arbitrary or capricious.  Defendants are entitled to judgment as a matter of law, and therefore, their motion for summary judgment is granted.

<strong>ORDER</strong>

1.      Defendants' motion for summary judgment, ECF No. 25, is GRANTED. Direxa's motion for summary judgment, ECF No. 24, is DENIED.

2.      As the prevailing parties, plaintiff is awarded its reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 30th day of August, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge